In the **UNITED STATES BANKRUPTCY COURT** for the
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-19121-RAM

In re:                                             CHAPTER 11

1 Global Capital, LLC,

        Debtor.

_____/

1 Global Capital, LLC,

        Plaintiff,                            ADV. NO. 19-01504-RAM

vs.

Maurino Gonzalez
d/b/a Covenant Contractors, LLC,

        Defendant.

_____/

## MOTION TO SET ASIDE DEFAULT

COMES NOW the Defendant, by and through his undersigned attorney, and files this Motion to Set Aside the Default, and as grounds therefor states:

1.    In the motion for default [Doc. #10] Plaintiff failed to comply with Local Rule 7055-1 which requires that motions for entry of default state "that the defendant has been **properly served** with the complaint" [bold emphasis added].

2.    The motion merely states that the "Plaintiff served a copy of the: (a) Complaint, (b) Summons, and (c) Pretrial Order on the Defendant."

3.    Given that service is most often effectuated by mail delivery, the Local Rule evidently contemplates the possibility that although a summons and complaint are placed in the mail, delivery by mail might not actually occur or such mail might otherwise be returned, and thus the requirement for a verification within the motion – aside from the verification made at the

time the summons and complaint were placed in the mail [Doc. #4].

4.    Defendant's affidavit attached to and made a part of this motion, aside from the defective application for default, demonstrates good cause for the court to set aside the clerk's entry of default.

## MEMORANDUM OF LAW

Defendant's motion to set aside default is brought pursuant to Rule 55(c) which triggers application of the lower "good cause" standard for setting aside the default, as opposed to the somewhat higher standard of "excusable neglect" required to set aside a default final judgment under 60(b) of the Federal Rules of Civil Procedure. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524 (11th Cir. 1990). However, courts still often look at the same factors in setting aside defaults prior to judgment, and Defendants are confident that they meet those factors nonetheless.

The Bankruptcy Court, like the District Court, may set aside default judgments, and of course defaults, on the basis of "excusable neglect" or "good cause" as the case may be. *Fed. R. Civ. P. 60(b)(1)*, by way of Bankruptcy Rule 9024. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489,1498 (1993), the United States Supreme Court concluded that the determination of what neglect is excusable is "at bottom an equitable one." Four factors for determining "excusable neglect" were established by the United States Supreme Court in *Pioneer*. Those factors are commonly known as the Pioneer factors. "The equitable factors that a court must weigh when determining whether neglect is excusable include: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.*" In re Emmons*, 349 B.R. 780, 788 (Bankr. W.D. Mo., 2006).

Pursuant to Bankruptcy 7055, which adopts federal Rule 55(c), "[t]he court may set aside an entry of default for good cause." But, "good cause" under Rule 55(c), like "excusable neglect" under Rule 60(b), is not defined. The Eleventh Circuit Court of Appeals has adopted three widely accepted criteria for deciding whether to relieve a party from an entry of default. Those factors are: "(1) ... a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Valdez v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003), quoted more recently in *Grant v. Pottinger-Gibson,* No. 16-11505 (11th Cir., February 13, 2018).

Good cause should be construed generously, especially when service is on an individual who is not well aware of the conduct of proceedings and is proceeding upon an understandable misconception. In many circuits, as in the 11th Circuit, defaults are generally disfavored and reserved for rare occasions. *Valdez v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003) ("There is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."). Accordingly, doubts as to whether to grant or vacate a default should be resolved in favor of the defaulting party. For example, the Second Circuit has "expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (citing *Enron Oil*, 10 F.3d at 95; *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan*, 652 F.2d at 277). The Eleventh Circuit in *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989)), while also expressing a liberal interpretation favorable to the movant, stated that the court should consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."

FACTORS:

*Prejudice to the Debtor* –

The nature of the particular action is such that the Debtor will not be prejudiced by an order setting aside the default and judgment thereon. The Trustee's action is not a core proceeding and not one for the recovery of any property or right arising under the bankruptcy code nor as a result of the bankruptcy action. In fact, but for the existence of the bankruptcy of 1 Global, it is an action that would otherwise have to be filed in either state court or the federal district court (assuming jurisdiction limitations were met). Accordingly, the bankruptcy estate will suffer no loss as result of the delay. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 (4th Cir. 1988) (disadvantage suffered by party merely due to loss of quick victory is not sufficient prejudice to warrant denial of relief by movant).

*Length of Delay* –

While this action was commenced on September 13, 2019 there have been two judicial reassignments of the underlying bankruptcy action resulting in a resetting of the pre-trial conference to March 11, 2020. The resetting of the pretrial caused the Defendant to delay because of his misconception of the meaning of a "pretrial" hearing as explained further in his affidavit. Subsequently thereto, there was a notice entered that this adversary case had been "closed" which caused yet further delay because Defendant was under the belief that the action was terminated. Soon after receiving a copy of the Plaintiff's motion for default (filed on December 31, 2019, see Docket #10) the Defendant acted quickly to employ counsel, respond to the complaint, and file this motion to set aside the default only 15 days later. Accordingly, the defendants have acted in a timely fashion seeking this relief. Judgment has not even yet been entered. Yet, a motion for relief within two weeks after default judgment has been considered timely. See *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 (4th Cir. 1988).

*Reason for Delay –*

Defendants' reason for delay is detailed in Defendant's affidavit filed herewith. Not only was the Defendant in a distraught and confused state of mind because of his fater-in-law's illness, he was also confused by the court's notice of pretrial date and believed that to be the due date for a response. When the original due date for a response came near the Defendant began inquiring of attorneys who could represent him in this action and was told the case had been "closed" just days before. Believing that the there was no need to proceed further, the Defendant ceased seeking out counsel until receipt of the Plaintiff's Motion for Default. *Melo v. Cuesta Constr. Corp.,* Case No. 17-21876, page 4 (S.D. Fla., December 12, 2017) (unintentional misplacement of the pleadings resulting in default was deemed excusable neglect). In *Pioneer Investment Services v. Brunswick Associates*, 507 U.S. 380 (1993), the Supreme Court stated what is "excusable" was "an equitable one taking account of all relevant circumstances surrounding the party's omission . . . , including whether it was in the reasonable control of the movant." However, the court went on to state that "'excusable neglect' under Rule 60(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant."" In such statement the Pioneer court also stated that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." But here, the conditional state of mind of the Defendant, his failure to pay acute attention to the papers received, and his naivete adds a higher level of understanding for the delay than mere negligence.

*Good Faith –*

Defendant is a very small business owner that has much to lose from the entry of what would be a huge judgment in relation to the percentage of his annual profits if the default is not set aside

and a judgment is entered. *Compania Interam. Ex.-Im. v. Com. Dom. De Av.*, 88 F.3d 948 (11th Cir. 1996). In the affidavit in support of this motion that was filed herewith Defendant explains his excusable neglect in failing to timely respond to the summons and complaint. Considering the intervening illness of his father, the confusion caused by the resetting of the pretrial, and confusion caused by the closing of the file, upon receiving the motion for default, Defendant acted reasonably fast to retain counsel and quickly filed a motion to set aside the default. Defendant always had every intention of defending his position. *Dynomite Mktg., LLC v. Dowd (In re Dowd),* Case No. 17-60610-WLH (Bankr. N.D. Ga., March 27, 2018) (defendant satisfied "low standard of Federal Rule of Civil Procedure 55(c)))"

    *Meritorious Defense* –

    Defendant has filed an answer and defenses to the Trustee's action along with this motion, The answer and defenses demonstrate a meritorious defense to the Trustee's action. Most noteworthy, Defendant asserts that the transaction was actually believed to be a loan, and legally should be considered a loan that charges a criminally usurious rate of interest that is uncollectable. Defendant has proffered evidence which would permit a finding for him either as a matter of law, or as a matter of contested fact. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 (4th Cir. 1988); *Central Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974).

    WHEREFORE, the Defendants request an order of this court setting aside the default and accepting their answer and affirmative defenses as filed.

REX E. RUSSO, ESQ.
2655 LeJeune Road, PH 1-D
Coral Gables, FL 33134
(305) 442-7393

/s/

_____

Rex E. Russo
Florida Bar #0331597

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-mailed through the portal to Jonathan S. Feldman, attorney for the Plaintiff/Debtor at JFeldman@pbyaLAW.com on this January 16, 2020.

/s/

_____

Rex E. Russo